```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

S.C., a Minor, by and through  )
his Parent and Legal Guardian, )
ANTONIA POLAND,                )
                               )
        Plaintiff              )
                               )
            v.                 )  CAUSE NO. 2:09-cv-167
                               )
UNION TOWNSHIP SCHOOL          )
CORPORATION and PORTER COUNTY  )
EDUCATIONAL SERVICES,          )
                               )
        Defendant              )

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Certain Paragraphs from Plaintiff's Complaint [DE 11] filed by the defendants, Union Township School Corporation and Porter County Educational Services, on August 3, 2009. For the following reasons, the motion is **DENIED**.

### Background

S.C. is a minor child who attended Union Township School Corporation at all relevant times. S.C. has struggled academically since kindergarten. On February 2, 2009, S.C. was found eligible for special education and related services as a student based upon a categorical "other health impairment." That same day, S.C. engaged in behavior that violated the school's code of conduct. On February 9, 2009, a manifestation meeting was held to determine whether S.C.'s behavior was a manifestation of his disability and to change S.C.'s educational placement to an

interim educational setting. The school determined that S.C.'s behavior was not a manifestation of his other health impairment and placed S.C. in homebound education for four hours per week.

S.C.'s parents filed an expedited due process request, Cause Number HR-057-2009, on March 5, 2009, raising several issues: (1) whether S.C.'s behavior was a manifestation of his disability; (2) whether the alternate education setting was appropriate; (3) whether the individualized education program ("IEP") was appropriate; (4) whether the school improperly denied S.C. access to sports and activities; (5) whether the school had improperly denied S.C. access to benefits and services to which other students had access; and (6) whether S.C. was entitled to an independent evaluation at public expense. The Independent Hearing Officer ("IHO") declined to hear issues three through six under this cause number on the grounds that the respondents would not agree to have them heard. To preserve those issues, S.C.'s parents filed a request for a second hearing on them along with a second due process request, Cause Number HR-059-2009.

In regards to HR-057-2009, the IHO found that S.C. was eligible for special education under the category of "other health impairment" due to his attention deficit disorder. The hearing officer found that S.C.'s behavior was not a manifestation of his disability and that the alternative education setting was an appropriate remedy.

Following the hearing on HR-057-2009, on April 16, 2009, S.C.'s mother met with the defendants for a resolution session to

resolve the issues raised in HR-057-2009.  At this meeting, defendants drafted an IEP and a proposed resolution to HR-059-2009.  On April 17, 2009, S.C.'s mother accepted the proposed IEP, reserving her rights to challenge it.  S.C.'s mother revoked her signature the next day.

On April 28, 2009, S.C. appealed the hearing officer's decision on HR-057-2009 to the Board of Special Education Appeals ("BSEA").  S.C. argued that the IHO should have heard the additional issues raised in HR-059-2009 in the hearing for HR-057-2009, that the hearing officer wrongfully determined that S.C.'s disability was an "other health impairment," that S.C.'s behavior was a manifestation of his learning disability, that the alternate education setting was inappropriate, and that the April 16, 2006 agreement encompassed the stay-put placement during the pendency of the appeal.

The BSEA agreed with the hearing officer in regards to S.C. being eligible for an individualized educational program under the "other health impairment" category and that S.C.'s behavior was not a manifestation of the other health impairment.  Additionally, the BSEA found that the alternative education setting was inappropriate and altered it by requiring that S.C. be the only student, as the prior alternate education setting provided for S.C.'s cousin also to attend.  Finally, the BSEA disagreed with S.C. that his acceptance of the April 16, 2009 IEP changed the stay-put placement and that he was entitled to the services

3

consented to under this agreement during the pendency of his appeal.

On June 11, 2009, S.C.'s parents filed his appeal in this court. In his complaint, S.C. alleges in relevant part:

> 73. On April 7, 2009, Plaintiff, of necessity, filed another due process hearing to address the issues the IHO did not address.
>
> 74. On April 16, 2009, S.C.'s parent, Antonia Poland, met with the school for a resolution session wherein the school drafted and proposed a new IEP for the student which offered ten hours of homebound instruction.
>
> 75. While reserving her right to challenge the IEP and the process by which it was drafted, Ms. Poland agreed to implement the IEP so that her son could receive more services.
>
> 76. The school revoked the IEP.
>
> * * *
>
> 78. Plaintiff has exhausted required administrative remedies and is now entitled to judicial review of the decision.
>
> 79. Plaintiff hereby incorporates by reference and re-plead [sic] all allegations set forth in paragraphs 1-78.
>
> 80. School Defendants have violated the IDEA by denying S.C. a free appropriate public education both substantively by failing to identify S.C. as a student with a learning disability, by failing to find his behavior a manifestation of his disability, and by failing to provide S.C. an appropriate IAES.
>
> * * *
>
> 84. S.C. is entitled to compensatory services for Defendants' breach in obligation.

Defendants answered on August 3, 2009, and that same day filed this motion to strike the above mentioned paragraphs of S.C.'s complaint because the "Court does not have jurisdiction over the allegations" contained in those paragraphs on the grounds that S.C. failed to exhaust his administrative remedies in regards to these statements which are all related to the non-expedited issues. After the filing of this motion, in the state administrative case, S.C. filed a motion to dismiss HR-059-2009 with prejudice on August 6, 2009, informing the court that the parties had settled the matter. The independent hearing officer granted the motion the following day.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, although may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. **Heller Financial, Inc. v. Midwhey Powder Co., Inc.**, 883 F.2d 1286, 1294 (7th Cir. 1989); **Doe v. Brimfield Grade School**, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). See also **Tektel, Inc. v. Maier**, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, [sic] and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly pre-judicial."). Prejudice may result where the challenged allegation has the effect of confusing the issues or is so lengthy and

complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

The defendants argue that paragraphs 73-76, 78-80, and 84 should be stricken from S.C.'s complaint because S.C. failed to exhaust his administrative remedies in regard to the claims raised in HR-059-2009. S.C. asserts that a motion to strike is not the proper motion to file because a motion to strike cannot be granted on the grounds that one failed to exhaust his administrative remedies. Rather, S.C. insists that a motion to dismiss is the appropriate action to challenge exhaustion.

The defendants contend that a motion to dismiss specific paragraphs of a complaint is best construed as a motion to strike, citing *Edward C. Levy Co. v. Int'l Union of Operating Engineers*, 2007 U.S. Dist. LEXIS 77162, *8 (N.D. Ind. Oct. 16, 2007). In *Edward C. Levy*, the court determined that defendant's motion to dismiss should be treated as a motion to strike because the defendant sought to remove specific paragraphs from the plaintiff's complaint. *Id*. Therefore, the defendants could file a motion to strike to dismiss specific paragraphs. *Id.*

This logic, however, does not necessarily work in reverse because of the division of labor in the federal courts. Although a presiding judge has the freedom to construe a motion to dismiss – a dispositive motion – as a Rule 12(f) motion to strike, the

defendants here are requesting the reverse, and such an action runs contrary to the policy of the Northern District of Indiana. This motion was presented on the docket as a Rule 12(f) motion to strike which is non-dispositive and handled as a matter of course by the magistrate judge assigned to the matter. As such, the magistrate judge will not construe the motion to strike from a pleading as a motion to dismiss claims for jurisdictional reasons, for such an endeavor is meant for the district court judge.

As a Rule 12(f) motion to strike, S.C. asserts that the pleading must be redundant, immaterial, impertinent, or scandalous to warrant a motion to strike, and that the defendants have not alleged that paragraphs 73-76, 78-80, and 84 of S.C.'s complaint fulfill any of these requirements.[1] In their reply, the defendants contend that S.C.'s failure to exhaust his administrative remedies makes the paragraphs immaterial.

A pleading is immaterial where it has no bearing on the subject matter of the litigation. *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984). The defendants bear the burden of establishing that the pleading has no bearing on the case and also must show that permitting the pleading would be prejudicial. *U. S. Dental Institute v. American Ass'n of Orthodontists*, 396 F.Supp. 565, 583 (N.D. Ill. 1975) ("Generally, motions to strike allegedly immaterial matter are not favored. Such motions will

---

[1] It is true that the actual motion to strike and its supporting memorandum completely fail to allege redundancy, immateriality, impertinence, or scandalousness. Only in their reply did the defendants attempt to fulfill the Rule 12(f) requirements for striking.

7

not be granted unless the allegations are so immaterial that they can have no possible bearing on the issues at trial and unless their presence in the complaint prejudices defendants, especially in complex cases.").

The defendants argue that if S.C. failed to exhaust his administrative remedies and seeks relief for the respective claims, the allegations would be immaterial because S.C. could not recover for allegations over which the court lacks jurisdiction. However, the defendants fall short in explaining how the inclusion of these allegations is prejudicial. In their reply brief, the defendants cite **Simon Property Group, L.P. v. MySimon, Inc.**, 2003 WL 23101787 (S.D. Ind. 2003), as a standard for granting a motion to strike. **Simon** involved a complaint amended after the granting of a new trial which included a summary of the jury verdict in the plaintiff's favor, but conveniently left out the fact that the new trial was granted based upon the plaintiff's violation of discovery obligations. 2003 WL 23101787 at *1. The court acknowledged that such information in the public domain could be confusing and prejudicial "if the second jury were to learn of the first verdict[.]" **Simon**, 2003 WL 23101787 at *2.

The disposition of the motion to strike in **Simon** is an anomaly. In the case at hand and unlike **Simon**, no potential for jury confusion exists because this is a matter of judicial review of an administrative case rather than a case set for jury trial. The underlying facts of this case, along with the exhibits, clearly illustrate the chain of events, and the federal complaint

8

was filed prior to the voluntary dismissal of the issue which the defendants claim precludes exhaustion. If the defendants are correct in their assertion that S.C. did not exhaust his administrative remedies, the matter should be dealt with as a dispositive issue with the district court fully briefed of the facts and the law pertinent to that issue.

As a whole, the paragraphs the Defendants seeks to strike are not redundant, immaterial, impertinent, or scandalous as to require removal to avoid prejudice to the defendants.

_____

For the foregoing reasons, the Motion to Strike Certain Paragraphs from Plaintiff's Complaint [DE 11] filed by the defendants, Union Township School Corporation and Porter County Educational Services, on August 3, 2009, is **DENIED**.

ENTERED this 5th day of November, 2009.

                                 s/ ANDREW P. RODOVICH
                                     United States Magistrate Judge