# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

S.C., a minor by and through his parent and     )
legal guardian, ANTONIA POLAND,     )
    )
       Plaintiff,     )
    )
       v.     )       CASE NO. 2:09-CV-167-TLS
    )
UNION TOWNSHIP SCHOOL CORPORATION, )
and PORTER COUNTY EDUCATION     )
SERVICES,     )
    )
       Defendants.     )

## OPINION AND ORDER

This matter is before the Court on a Motion to Supplement the Evidence [DE 30], filed

by the Plaintiff on December 30, 2009. The Plaintiff seeks leave to supplement the

administrative record with the following four documents: (1) an Order on Prehearing Conference

and Notice of Hearing [DE 30-3] issued by the state independent hearing officer (IHO) on June

13, 2009; (2) a document entitled "Questions and Answers on Discipline Procedure" [DE 30-4],

revised by the federal Office of Special Education and Rehabilitative Services (OSERS) in June

2009; (3) a Letter regarding settlement [DE 30-5], sent by defense counsel to the Plaintiff's

counsel on June 19, 2009; and (4) the Individual Education Program (IEP) [DE 30-6] adopted on

July 2, 2009. The Defendants filed a Brief in Opposition [DE 31], and the Plaintiff filed a Reply

Brief [DE 32].


## FACTUAL AND PROCEDURAL BACKGROUND

The following facts, which are drawn from the Complaint and the parties' submissions,

are provided here for background purposes and do not constitute findings relative to the claims

pending in this action. On February 2, 2009, S.C. and two other students were arrested for possession of and dealing in a controlled substance on school grounds. The Defendant School recommended that S.C. be expelled after a suspension of ten days. On February 9, a case conference was held to determine whether S.C.'s alleged misconduct was a manifestation of his disability, and the Defendant School determined that S.C.'s conduct was not caused by and had no direct and substantial relationship to his disability. The case conference committee determined that a forty-five-day interim alternative education setting (IAES) placement involving homebound instruction in language arts and math would begin on February 19, following the tenth day of his suspension.

On March 5, the Plaintiff requested an expedited due process hearing (cause number HR-057-2009, hereinafter "expedited hearing") to challenge the case conference committee determination. The Plaintiff's due process complaint sought review of six issues, including whether S.C.'s behavior was a manifestation of his disability and whether the IAES placement was appropriate. On March 24, the IHO, Dr. Jeffrey Anderson, restricted the issues in the expedited hearing to the manifestation determination and the IAES placement, and declined to hear the other four issues, which were deemed to be non-expedited issues. Issues that the IHO declined to address in this expedited hearing (including what was necessary to provide S.C. a free appropriate public education (FAPE), whether an independent education evaluation (IEE) at the public's expense was appropriate, and what S.C.'s IEP should be) became a matter to be heard separately by the same IHO in a separate hearing (cause number HR-059-2009, hereinafter "FAPE hearing").

The expedited hearing regarding the manifestation determination and the IAES

placement began on April 6 and continued on April 8. On April 21, the IHO issued his decision and order, concluding that S.C.'s behavior was not a manifestation of his disability and that the IAES placement was appropriate. On April 23, the IHO issued a corrected decision that provided a notice regarding the time constraints to appeal.

On April 28, the Plaintiff filed with the Indiana Board of Special Education Appeals (BSEA) her petition for review of the IHO's decision and order. On May 12, the BSEA issued its decision and order. It concluded that the IHO did not err in limiting the issues in the hearing to the manifestation determination and the IAES placement, that S.C.'s behavior was not a manifestation of his disability (whether his eligibility category were other health impairment or learning disability), but that the homebound location of the IAES with S.C.'s cousin was not appropriate (although the BSEA otherwise upheld the IAES placement). The BSEA also concluded that certain issues (namely, S.C.'s disability category, S.C.'s present levels of performance, appropriate goals, a program or service to address S.C.'s attention span and distractibility, exclusion from extracurricular and non-academic activities, and an IEE) that were not addressed by the IHO in the April 6 and 8 expedited hearing could be addressed in the FAPE hearing or in a separate due process hearing if requested.

On June 10, the Plaintiff filed an amended due process hearing request in the cause related to the FAPE hearing. On June 13, the IHO determined that the FAPE hearing would focus on certain issues, including whether an IEE at the public's expense was warranted, whether the IEP was reasonably calculated to provide S.C. meaningful benefit, whether S.C. was properly classified, whether the school discriminated against S.C. in accusing him of selling drugs and its other actions, and whether S.C. was denied a FAPE. The parties eventually resolved these

matters and executed a settlement agreement.

On June 11, 2009, the Plaintiff filed her Complaint [DE 1] in this Court challenging the decisions of the IHO and the BSEA regarding the manifestation determination and the IAES placement. This administrative review action is brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, which in relevant part authorizes an aggrieved party to bring a civil action in a federal district court , 20 U.S.C. § 415(i)(2)(A). The Plaintiff contends that the Defendants violated the IDEA by denying S.C. a FAPE both substantively and procedurally, failing to identify S.C. as a student with a learning disability, failing to find S.C.'s behavior a manifestation of his disability, and failing to provide S.C. an appropriate IAES. The Plaintiff also claims that the IHO and the BSEA wrongly determined that non-expedited issues cannot be heard during an expedited hearing, that least restrictive environment does not apply to an IAES, and that S.C.'s disability was not an issue in the hearing. On October 16, 2009, the Administrative Record [DE 22], which was provided in a digital format, was filed in this matter, and it includes over 2500 pages of materials. However, as the parties planned for discovery, a dispute arose regarding whether the Court's review should be limited to the Administrative Record or whether additional evidence should be included. This dispute precipitated the filing of the Plaintiff's Motion to Supplement the Evidence and the related briefing.

## DISCUSSION

The IDEA provides that district courts reviewing appeals in cases under the statute "shall receive the records of the administrative proceedings" and "shall hear additional evidence at the

request of a party." 20 U.S.C. § 1415(i)(2)(C)(i) & (ii). The Seventh Circuit has explained that, in IDEA cases, district courts must take as the basis of their decisions the administrative records that the independent hearing officers compiled, but that they do have discretion to admit additional evidence to supplement the records. *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 270 (7th Cir. 2007) (citing 20 U.S.C. § 1415(i)(2)(C)). When the records are complete, district courts are to base their decisions on "'the preponderance of the evidence'" and to grant "'such relief as [they] determine[] is appropriate.'" *Id.* (quoting 20 U.S.C. § 1415(i)(2)(C)). District courts are to make independent decisions based on the preponderance of the evidence, but they are to give "due weight" to the determinations made during the state administrative proceedings. *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 206 (1982). The Supreme Court in *Rowley* emphasized that "the provision that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Id. See also Patricia P. v. Bd. of Educ. of Oak Park,* 203 F.3d 462, 466–67 (7th Cir. 2000). The Seventh Circuit has observed that reviewing courts must be careful when determining whether to allow additional evidence that they do not change the character of the hearings in such cases from reviews of administrative proceedings to trials *de novo*. *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996). District courts are not required to allow all of the evidence proffered by plaintiffs in IDEA proceedings. *Id.* at 901–02.

This case involves the review of administrative proceedings regarding whether S.C.'s conduct involving possessing and dealing of drugs on school grounds was a manifestation of his

disability and whether the IAES placement was appropriate. The Plaintiff has sought to supplement the sizable Administrative Record with four additional pieces of evidence. In addition to specific objections regarding each piece of evidence, the Defendants have lodged several general objections to the Plaintiff's request, including that the Plaintiff is inappropriately attempting to resurrect matters that were resolved by the parties in their settlement of the issues related to the FAPE hearing and that the Plaintiff is attempting to confuse the specific issues related to the manifestation determination with other issues. The Court will consider each of these pieces of evidence individually. However, it warrants noting that none of these additional materials was before the BSEA and that all of these additional materials are dated after the IHO's April 23, 2009, decision and after the BSEA's May 11, 2009, decision. Consequently, permitting the Administrative Record to be supplemented with the additional evidence requested by the Plaintiff has the potential of altering the character of this judicial proceeding from a review of the state administrative proceedings to a trial of at least some issues *de novo*.

**A.      The June 13, 2009, Order [DE 30-3]**

The Plaintiff seeks to supplement the Administrative Record with the IHO's June 13, 2009, Order on Prehearing Conference and Notice of Hearing. Although the Plaintiff seeks to have the entire document added to the record, she seems most interested in the IHO's articulation of the issues to be addressed in the FAPE hearing, particularly the following issue statement: "Did the School identify the Child as a student with a disability when it knew, or should have known, the Student was experiencing learning or behavioral difficulties that would have suggested the Student may have qualified as a student with a disability, and as such required

special education or related services in order to benefit from his education?" (June 13, 2009, Order 3.) The Plaintiff believes this evidence is relevant because it shows that the IHO and the BSEA erred in their ruling regarding the manifestation determination by declining first to determine the exact nature of S.C.'s disability in the expedited hearing. The Plaintiff concedes that this evidence was not included in the Administrative Record for the expedited hearing because it was developed in the context of the later, separate FAPE hearing, but she contends that this evidence confirms that the nature of S.C.'s disability remained an open question and shows the arbitrariness and capriciousness of the IHO decision and the BSEA decision because they did not consider S.C.'s learning disability and how it affected him.

The Defendants contend that the IHO's articulation of the issues for resolution during the FAPE hearing is not relevant to the issues addressed on appeal from the IHO's decision in the expedited hearing on the manifestation determination and the IAES placement. The Defendants defend the IHO's limitation of the issues in the expedited manifestation hearing to those within the statutorily defined framework for disciplinary issues, highlight that the Administrative Record already contains evidence regarding S.C.'s disability classification as other health impairment in addition to learning disabled, and argue that this document simply recites non-expedited issues that were ultimately settled by the parties and dismissed with prejudice in the separate FAPE hearing. Thus, the Defendants view this evidence as irrelevant and cumulative and contend that, if there is any gap in the evidence, it is because the Plaintiff failed to put on sufficient evidence in the expedited hearing.

The Court will deny the Plaintiff's request to supplement the Administrative Record with the IHO's June 13, 2009, Order. The IHO's Order was issued almost two months after the IHO

issued his decision and order in the expedited hearing and almost one month after the BSEA issued its decision. The IHO's Order also includes a range of procedural and other matters that are not relevant to the issues pending in this case. Additionally, this case involves the Plaintiff's challenge to the manifestation determination and the IAES placement, which were the subject of the expedited hearing and the appeal to the BSEA, and the Administrative Record already includes evidence regarding S.C.'s disability. In fact, in her Brief in Support, the Plaintiff references the Administrative Record and states that she argued in the expedited hearing before the IHO that S.C. had a learning disability and that his February 2, 2009, behavior was a manifestation of that disability. Consequently, to the extent that the Plaintiff seeks to supplement the record with the IHO's June 13, 2009, Order stating that S.C.'s disability category was an issue for the separate FAPE hearing, the evidence is cumulative with evidence already in the Administrative Record. Furthermore, the parties entered into a settlement agreement addressing the issues in the FAPE hearing, and the Plaintiff should not be permitted to reopen issues in this case that were resolved by the parties through their agreement in the separate FAPE matter.

**B.      The June 2009 "Questions and Answers" Document [DE 30-4]**

The Plaintiff seeks to supplement the Administrative Record with a document entitled "Questions and Answers on Discipline Procedures" that was revised by the federal OSERS in June 2009. The Plaintiff asks that the entire document be made part of the record, but it appears that the Plaintiff's primary interest lies with Question C-2 on page 11, which addresses home instruction as an IAES placement. The Plaintiff argues that this document is probative regarding whether the IAES placement was appropriate and because of the agency's expertise. She also

contends that this document would have been provided to the IHO and the BSEA if it had been issued earlier. The Defendants respond that this document does not assist the Plaintiff in meeting her burden, that this information was not available to the case conference, the IHO, or the BSEA, and that this document is inapplicable.

The Court will deny the Plaintiff's request to supplement the Administrative Record with the June 2009 OSERS "Questions and Answers" document. This document was generated after the IHO issued his decision and after the BSEA issued its decision. Additionally, it warrants noting that the OSERS, in its Answer to Question C-2, references federal regulatory materials that the parties may reference as relevant in their briefing on the issues in this case.


**C.      The June 19, 2009, Settlement Letter [DE 30-5]**

The Plaintiff seeks to supplement the Administrative Record with a letter written by defense counsel when the parties were discussing the settlement of the issues pending in the FAPE hearing. The Plaintiff concedes that this evidence generally is not made a part of a court record, but she thinks this evidence will "help[] the Court connect the dots" in this case. (Pl.'s Br. in Supp. 8, DE 30-2.) The Plaintiff claims that this letter is not offered for the purpose of proving liability, but that it provides background regarding the July 2, 2009, IEP, which she claims does show liability. The Defendants respond that the letter has no probative value for the expedited issues before the IHO and the BSEA, that the Plaintiff is seeking to use the settlement offer to prove liability, and that the letter is not probative because it does not demonstrate how the school's settlement concession to change S.C.'s disability category establishes that S.C.'s behavior was a manifestation of his disability.

The Court will deny the Plaintiff's request to supplement the Administrative Record with the June 19, 2009, letter from defense counsel. This letter was sent after the IHO issued his decision and after the BSEA issued its decision, and it is not probative as to the expedited issues before the IHO and the BSEA. Additionally, in this letter, the Defendants offered to settle the issues pending in the FAPE hearing, presumably on terms that would benefit S.C. Ultimately, the parties did reach a settlement that led to a modified IEP. In reaching settlements, parties make concessions, and the federal rules governing evidence manifest a strong and clear policy against admitting evidence of compromise and offers to compromise to prove liability. *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) (discussing Federal Rule of Evidence 408, stating that the "primary policy reason for excluding settlement communications is that the law favors out-of-court settlements, and allowing offers of compromise to be used as admissions of liability might chill voluntary efforts at dispute resolution," and noting that courts must consider "the spirit and purpose of the rule" in deciding "whether the need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations"). The Plaintiff's request to supplement the Administrative Record with defense counsel's letter regarding settlement runs counter to this policy, for she seeks to use the letter to establish the Defendants' liability. Permitting the supplementation of the Administrative Record with this letter would have a chilling effect on future settlement negotiations. This concern is particularly acute in the IDEA context where parents and schools seek to resolve their disputes for the benefit of the children who are involved.

**D.      The July 2, 2009, IEP [DE 30-6]**

The Plaintiff seeks to supplement the Administrative Record with the July 2, 2009, Case Conference Committee Report that includes a modified IEP that identifies S.C. as eligible based upon a specific learning disability and other health impaired. She concedes that this document was not available to the IHO or the BSEA, but she argues that this evidence is probative because it acknowledges S.C.'s learning disability, shows S.C.'s level of function, and proves the Defendants' liability. The Defendants respond that the July 2, 2009, IEP was developed as part of the parties' settlement. The Defendants also incorporate arguments made earlier in their Brief that the IEP has no probative value for the expedited issues before the IHO and the BSEA and that the IEP is not probative because it does not demonstrate how the school's settlement concession to change S.C.'s disability category establishes that S.C.'s behavior was a manifestation of his disability.

The Court will deny the Plaintiff's request to supplement the Administrative Record with the July 2, 2009, IEP, which was developed after the IHO issued his decision and after the BSEA issued its decision. The IEP is not probative as to the expedited issues before the IHO and the BSEA, and the Administrative Record already includes evidence regarding the Plaintiff's claim that S.C. was learning disabled. Furthermore, the IEP resulted from and included terms of the parties' compromise and settlement of the non-expedited issues pending in the FAPE hearing. Permitting this evidence to supplement the Administrative Record would have a chilling effect in future settlement negotiations, and the Plaintiff's request runs counter to the policy embodied in Federal Rule of Evidence 408.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Supplement the

Evidence [DE 30].

SO ORDERED on June 1, 2010.

 s/ Theresa L. Springmann          <br>THERESA L. SPRINGMANN<br>UNITED STATES DISTRICT COURT